IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FILED
APR 0 8 2002
LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| Terry Pressley 137798, ) | C/A No. 02-CP-18-172 (State) |
| Plaintiff, ) | C/A No. 6:02-0973-13AK (Fed.) |
| ) | |
| vs. ) | |
| ) | |
| Michael Sosa, Unknown Female ) | OBJECTION TO REMOVAL |
| Officer, Doris Gantt, Captain ) | AND |
| R. Hunter, Wellie Weldon, ) | MOTION TO REMAND |
| William D. Catoe, and the ) | |
| South Carolina Department ) | |
| of Corrections, ) | |
| Defendants. ) | |

Terry Pressley, Plaintiff in the above captioned matter, hereby objects to <u>Removal</u> of his Complaint to the United States District Court, and respectfully request that his Complaint be returned to state court on <u>Remand</u>.

Plaintiff believes that the Defendant's Petition for Removal does not adequately set forth the specific federal constitutional and/or statutory provisions relied upon as a basis for removal so that the Court would be in a position to plainly determine if it is appropriate to retain all, part, or none of this action in federal court.

The Remand Clause of 28 U.S.C. §1441 (subsection c.) states that: ..."If the federal court finds that the federal claim, while plausible, is not really the Plaintiff's main mission, that it is only an incident or adjunct of the state claim, and that the state claim is the crux of the action, the federal court can remand all claims in which it finds that state law "predominates."

The crux of Plaintiff's Complaint is clearly not federal subject matter, and was not intended to be adjudicated in federal court. He admits that some federal citations were inadvertently included for the intended purpose of clariety and understanding of the issue, but that the <u>main mission</u> of his Complaint is based

on the PREDOMINATE state laws. Plaintiff, who lacked resources and expertise, prepared and filed his Pro Se Complaint because he had been stabbed in state prison as a result of prison official's gross negligence. Plaintiff believes that he would be denied his day in court if his claims are adjudicated in federal court where they are without constitutional protection.

The Defendant's Notice Of Removal specifically identified cause of action #2, as a federal claim. Causes #1, and #3, were not suggested to be federal claims by the Defendants, and these two causes are in fact the "crux" of Plaintiff's Complaint. Therefore, cause #2 should only be seen as an "incident or adjunct" of the main mission since it only deals with improper inventory and the loss of property, after the stabbing and solitary confinement had occurred.

Plaintiff prays that his Objection, and Motion To Remand are granted, and that his Complaint is Remanded back to state court at Dorchester County, South Carolina.

Respectfully submitted,

_____
Terry Pressley 137798/F3B-225
McCormick Correctional Institution
Route 2, Box 100
McCormick, South Carolina 29899

SWORN TO BEFORE ME
THIS 4th DAY OF April, 2002.

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES, 3-30-2009