**FILED**

APR 1 6 2002

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Terry Pressley #137798,                                    ) C/A No. 6:02-973-13AK
                                                           )
                              Plaintiff,                   )
                                                           )
vs.                                                        )
                                                           )
Michael Sosa;                                              )          Order Of Remand
An Unknown Female Officer;                                 )
Doris Gantt;                                               )
Captain R. Hunter;                                         )
Willie Weldon;                                             )
William D. Catoe, Director of SCDC; and                    )
South Carolina Department of Corrections,

                              Defendants.

Defendants removed the above-captioned matter to federal court on March 26, 2002.

According to the notice of Removal, Plaintiff served the Defendants on or about February 26, 2002.

Defendants contend that Plaintiff's case filed in state court alleges, in part, violations of his

Fifth and Fourteenth Constitutional Amendment rights, and was therefore apparently filed pursuant

to 42 U.S.C. § 1983.  As such, Defendants assert the removal is proper pursuant to the federal

removal statutes.

Defendants also filed an answer. In their answer, Defendants maintain, inter alia, that the suit

in federal court is barred because the Defendants, who were acting in their official capacities as

employees of the South Carolina Department of Corrections, are not "persons" susceptible to suit

under 42 U.S.C. § 1983, and are entitled to immunity under the Eleventh Amendment.  In addition,

Defendants allege that all the Defendants were acting in good faith within the scope of their

employment and did not breach any duty owed to the Plaintiff. Accordingly, Defendants assert they



are entitled to qualified immunity. Defendants also raise other defenses in their answer, not pertinent to the removal issue.

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court; 28 U.S.C. § 1441; and various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g.*, Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102, 1990 U.S.Dist. LEXIS® 12565 (D.S.C. 1990)(collecting cases); and Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436, 1990 U.S.Dist. LEXIS® 14401 (W.D.Va. 1990).

A Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. *See* 28 U.S.C. § 1446; and Heniford v. American Motors Sales Corporation, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table]. According to the defendants the complaint was served on or about February 26, 2002, and this matter was filed in this Court on March 26, 2002. Thus, the removal appears to be timely.

Nonetheless, this Court must determine if subject matter jurisdiction is present. If not, remand is proper. Lyon v. Centimark Corporation, 805 F. Supp. 333, 334, 1992 U.S.Dist. LEXIS® 17312 (E.D.N.C. 1992). Here, while the complaint originally filed by the Plaintiff in the Court of Common Pleas for Dorchester County could be construed to involve federal question jurisdiction because Plaintiff alleges violations of the State and Federal Constitutions, it also clearly sets forth a claim under the South Carolina Tort Claims Act. Claims under the South Carolina Tort Claims

Act may not be heard in a federal forum because the Eleventh Amendment bars a suit against the State of South Carolina in federal court. Hence, Plaintiff's claims asserted under that act require remand. Further, the majority of the case law stands for the proposition that, in a situation such as is presently before the Court, this Court should decline to consider even the *federal* claims presented in the complaint, if those do indeed exist, and that the entire action (not just Plaintiff's state law claims) should be remanded to state court. See Haddad v. Virginia Polytechnic Institute and State University, No. 97-2388, 1998 WL 231228 at **1 (4th Cir. May 5, 1998) [unpublished]; Lowery v. Prince Georges County, 960 F. Supp. 952 (D. Md. 1997); McKinney v. City of Grosse Pointe Park, 72 F. Supp. 2d 788 (C.D. Mich. 1999). Such a ruling would also promote the interests of judicial economy, as the courts of the State of South Carolina could handle this entire lawsuit, while this federal court can not. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc), cert. denied, 424 U.S. 946 (1976) ["Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court Review."] Actions arising pursuant to 42 U.S.C. § 1983 may be filed in either state and federal courts of original jurisdiction, such as a Court of Common Pleas or a United States District Court, and each of these courts may exercise jurisdiction over suits brought under that Act. In addition, *removing a case to federal court and then asserting immunity from suit in federal court is disfavored by the Fourth Circuit. See* Roach v. West Virginia Regional Jail and Correctional Facility Authority, 74 F.3d 46 (4th Cir. 1996). Thus, allowing a Defendant to remove a case to federal court and then allowing that Defendant to assert Eleventh Amendment immunity should not be permitted. Likewise, since Defendants have raised several defenses regarding the Plaintiff's State Tort Claims Act claims, it is prudent to remand those matters to the state courts where they may be properly

adjudicated. Therefore, this entire case should be remanded to state court.

Finally, the law is unclear whether an order or a Report and Recommendation should be entered in this case, *see* Long v. Lockheed Missiles & Space Co., 783 F. Supp. 249 (D.S.C. 1992). Most case law subsequent to Long v. Lockheed Missiles & Space Co. has indicated that the undersigned may enter an order of remand. *See, e.g.,* Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1160-1163, 1994 U.S.Dist. LEXIS® 6300 (S.D.Tex. 1994)(criticizing the rationale in Giangola v. Walt Disney World Co., 753 F. Supp. 148 (D.N.J. 1990), and distinguishing Long v. Lockheed Missiles & Space Co., supra); Holt v. Tonawanda Coke Corporation, 802 F. Supp. 866, 868, 1991 U.S.Dist. LEXIS® 20886 (W.D.N.Y. 1991); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467, 1990 U.S.Dist. LEXIS® 10921 (W.D.Pa. 1990); and City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124, 1993 U.S.Dist. LEXIS® 4348 (S.D.Miss. 1993)("This Court joins that group of courts which hold that a motion to remand is nondispositive and can be determined by a magistrate judge by final order."); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 12-13, 1992 U.S.App. LEXIS® 29613 (1st Cir. 1992). In light of the greater weight of recent authorities holding that an order of remand can be entered by a magistrate judge, the undersigned is entering an order. Even so, this order can be appealed to a United States District Judge for review "under the clearly erroneous or contrary to law standard." Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., supra, 844 F. Supp. at 1163. *See also* McDonough v. Blue Cross of Northeastern Pennsylvania, supra, 131 F.R.D. at 467; or the United States District Judge can treat this order as a report and recommendation. Long, 783 F. Supp. 249.

To avoid the problems that arose in City of Jackson v. Lakeland Lounge of Jackson, Inc., supra, 147 F.R.D. at 123-124, **IT IS ORDERED that the Office of the Clerk of Court shall not**

**immediately certify this Order to the Court of Common Pleas for Dorchester County.** If both

parties in the above-captioned case fail to file an appeal of this Order or written objections to this

Order (if this Order is treated as a Report and Recommendation) within fourteen (14) days after this

Order is filed, the Office of the Clerk of Court shall then certify this Order to the Court of Common

Pleas for Dorchester County. If, however, either party files an appeal of this Order or written

objections to this Order (if this Order is treated as a Report and Recommendation), the Office of the

Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or

objections to a United States District Judge for a final disposition. The parties' attention is directed

to the important notice on the next page.


Greenville, South Carolina

4-15-02
_____
(Date)

_____
William M. Catoe
United States Magistrate Judge

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
<u>The Serious Consequences of a Failure to Do So</u>

The plaintiff is hereby notified that any objections to the attached **Report and Recommendation** (or **Order and Recommendation**) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard, *supra*</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* <u>Wright v. Collins, *supra*</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
